1  JEFFREY F. ALLEN (SBN 204042)
   BOND, SCHOENECK & KING PLLC
2  jeffreyallen@bsk.com
   350 Linden Oaks, Third Floor
3  Rochester, New York 14625-2825
   Telephone: (585) 362-4709
4  Facsimile: (585) 362-4701

5  JEREMY P. OCZEK *(Pro Hac Vice* forthcoming*)*
   BOND, SCHOENECK & KING PLLC
6  jpoczek@bsk.com
   200 Delaware Avenue, Suite 900
7  Buffalo, NY 14202
   Telephone: (716) 416-7037
8  Facsimile: (716) 416-7001

9  JONATHAN L. GRAY *(Pro Hac Vice* forthcoming*)*
   BOND, SCHOENECK & KING PLLC
10 jlgray@bsk.com
   One Lincoln Center
11 Syracuse, New York 13202
   Telephone: (315) 218-8621
12 Facsimile: (315) 218-8100

13 Counsel for Plaintiffs

14              **UNITED STATES DISTRICT COURT**

15      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

16 SIGNIFY HOLDING B.V. and            CASE NO.
   SIGNIFY NORTH AMERICA
17 CORPORATION                          **COMPLAINT FOR PATENT
                                        INFRINGEMENT**
18            Plaintiffs,
                                        **JURY TRIAL DEMANDED**
19         v.

20 EEMA INDUSTRIES INC.,
   D/B/A LITON and D/B/A LITON
21 LIGHTING, a MEMBER of EEMA
   LIGHTING GROUP,
22
23            Defendant.

24     Plaintiffs Signify Holding B.V. and Signify North America Corporation

25 (collectively, "Signify") for their Complaint against EEMA Industries Inc., doing

26 business as "Liton" and doing business as "Liton Lighting," a member of "EEMA

27 Lighting Group" (collectively, "Defendant"), allege as follows:

28

                                1

## NATURE OF THE ACTION

1.    This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* including 35 U.S.C. § 271, which gives rise to the remedies specified under 35 U.S.C. §§ 281 and 283-285, by Signify against Liton for infringement of U.S. Patent Nos. 11,408,588 ("the '588 Patent"), 10,506,682 ("the '682 Patent"), 8,905,602 ("the '602 Patent"), 8,348,479 ("the '479 Patent"), 8,348,477 ("the '477 Patent"), 8,070,328 ("the '328 Patent"), and 7,358,706 ("the '706 Patent") (collectively, "the Patents-in-Suit").

## THE PARTIES

2.    Plaintiff Signify Holding B.V. is a corporation organized and existing under the laws of the Netherlands with its registered office at High Tech Campus 48, 5656 AE Eindhoven, The Netherlands.

3.    Plaintiff Signify North America Corporation is a corporation organized and existing under the laws of Delaware with a place of business at 400 Crossing Boulevard, Suite 600, Bridgewater, New Jersey 08807.

4.    On information and belief, Defendant EEMA Industries Inc., is a corporation organized and existing under the laws of California with a place of business at 5461 West Jefferson Blvd., Los Angeles, California, 90016, and does business under the names of "Liton" and "Liton Lighting," and is a member of the "EEMA Lighting Group."

## JURISDICTION AND VENUE

5.    This Court has subject-matter jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338 and because this action arises under the patent laws of the United States, 35 U.S.C. § 271, et seq.

6.    This Court has personal jurisdiction over Defendant, on information and belief, for at least the following reasons: (i) Defendant has committed acts of patent infringement in this District; (ii) Defendant regularly conducts business, solicits

COMPLAINT FOR PATENT INFRINGEMENT

business, and/or derives substantial revenue from products provided within this District, including products that infringe Signify's patented technology; and (iii) Defendant has a place of business within this District.

7.    Venue properly lies in this District. Pursuant to 28 U.S.C. § 1400, on information and belief, Defendant has committed acts of patent infringement in this District and has a regular and established place of business in this District.

**FACTUAL BACKGROUND**

8.    Signify, formerly Philips Lighting, is the world's largest manufacturer of light-emitting diode ("LED") lighting products and a global market leader with recognized expertise in the development and application of innovative LED lighting products and solutions. Signify's lighting products have been installed and utilized throughout the world, for example, on Los Angeles' iconic 2nd Street Tunnel (https://www.signify.com/en-us/blog/archive/showcase/reimagining-los-angeles-second-street-tunnel-with-light):



9.    From the dawn of electric light, Signify has pioneered many of the world's major technological breakthroughs in the lighting industry. Signify and its inventors have won many awards for their lighting work, including the famed L-Prize

from the U.S. Department of Energy and the Intellectual Property Owners (IPO) inventor of the year.

10.    Signify manufactures a wide range of high-quality LED lighting products. With over 125 years in the lighting industry, Signify has been a pioneer in new and improved lighting technology in consumer and professional markets. Signify has a presence in over 70 countries and oversees a variety of top lighting brands including, for example, PHILIPS, HUE, WIZ, ALKCO, CHLORIDE, DAY-BRITE CFI, LEDALITE, LIGHTOLIER, GARDCO, HADCO, LUMEC, STONCO, and COLOR KINETICS (*see, e.g.*, https://www.signify.com/en-us/brands).

11.    To protect its intellectual property resulting from its substantial investments in research and development, Signify applied for and obtained numerous patents directed to various LED inventions and technologies. For example, Signify currently has thousands of patents (approximately 17,750) and hundreds of pending patent applications covering technologies related to LED luminaires and retrofit bulbs, including the Patents-in-Suit.

12.    U.S. Patent No. 11,408,588 ("the '588 Patent"), titled "Configurable lighting system," was duly and legally issued by the United States Patent and Trademark Office on August 9, 2022. The '588 Patent generally relates to lighting systems and more specifically to lighting systems that can be readily configured to produce illumination of different color temperatures. Signify Holding B.V. is the assignee and owner of all right, title, and interest in the '588 Patent, a copy of which is attached hereto as Exhibit 1.

13.    U.S. Patent No. 10,506,682 ("the '682 Patent"), titled "Configurable lighting system was duly and legally issued by the United States Patent and Trademark Office on December 10, 2019. The '682 Patent generally relates to lighting systems and more specifically to lighting systems that can be readily configured to produce illumination of different color temperatures. Signify Holding B.V. is the

assignee and owner of all right, title, and interest in the '682 Patent, a copy of which is attached hereto as <u>Exhibit 2</u>.

14.    U.S. Patent No. 8,905,602 ("the '602 Patent"), titled "Thermal management for light emitting diode fixture," was duly and legally issued by the United States Patent and Trademark Office on December 9, 2014. The '602 Patent generally relates to recessed luminaires, and more particularly, to a light emitting diode downlight can fixture for a recessed luminaire. Signify Holding B.V. is the assignee and owner of all right, title, and interest in the '602 Patent, a copy of which is attached hereto as <u>Exhibit 3</u>.

15.    U.S. Patent No. 8,348,479 ("the '479 Patent"), titled "Light emitting diode recessed light fixture," was duly and legally issued by the United States Patent and Trademark Office on January 8, 2013. The '479 Patent generally relates to recessed luminaires, and more particularly, to a light emitting diode downlight can fixture for a recessed luminaire. Signify Holding B.V. is the assignee and owner of all right, title, and interest in the '479 Patent, a copy of which is attached hereto as <u>Exhibit 4</u>.

16.    U.S. Patent No. 8,348,477 ("the '477 Patent"), titled "Light emitting diode recessed light fixture," was duly and legally issued by the United States Patent and Trademark Office on January 8, 2013. The '477 Patent generally relates to recessed luminaires, and more particularly, to a light emitting diode downlight can fixture for a recessed luminaire. Signify Holding B.V. is the assignee and owner of all right, title, and interest in the '477 Patent, a copy of which is attached hereto as <u>Exhibit 5</u>.

17.    U.S. Patent No. 8,070,328 (the '328 Patent"), titled "LED downlight," was duly and legally issued by the United States Patent and Trademark Office on December 6, 2011. The '328 Patent generally relates to downlight luminaries, and more particularly, to downlight luminaries having an LED lighting array with a

diffuser positioned within a reflector assembly. Signify Holding B.V. is the assignee and owner of all right, title, and interest in the '328 Patent, a copy of which is attached hereto as <u>Exhibit 6</u>.

18.　　U.S. Patent No. 7,358,706 ("the '706 Patent"), titled "Power factor correction control methods and apparatus," was duly and legally issued by the United States Patent and Trademark Office on April 15, 2008. The '706 Patent generally relates to controlling power delivered to a load. Signify North America Corporation is the assignee and owner of all right, title, and interest in the '706 Patent, a copy of which is attached hereto as <u>Exhibit 7</u>.

**<u>DEFENDANT'S USE OF SIGNIFY'S PATENTED TECHNNOLOGIES</u>**

19.　　Defendant has been aware of Signify's patented technologies since at least 2018. Since that time, Signify has engaged in extensive good faith efforts with Defendant to address Defendant's infringement of Signify's patents. *See, e.g.*, Signify's correspondence dated November 19, 2018 (<u>Exhibit 8</u>), January 10, 2019 (<u>Exhibit 9</u>), July 16, 2022 (<u>Exhibit 10</u>), August 16, 2022 (<u>Exhibit 11</u>), August 21, 2024 (<u>Exhibit 12</u>), and December 20, 2024 (<u>Exhibit 13</u>). Defendant, however, routinely ignored Signify's correspondence, which required dozens of follow-ups by Signify. When Defendant did respond to correspondence, it typically asked for more time but ultimately did not provide the expected information. Following said correspondence between the parties, Defendant has continued its willful infringement by manufacturing, using, offering to sell, selling, and/or distributing lighting products incorporating Signify's patented technologies. These facts, as summarized herein, reflect an egregious case of willful infringement by Defendant.

20.　　Defendant has directly and indirectly infringed and continues to directly and indirectly infringe each of the Patents-in-Suit by engaging in acts constituting infringement under 35 U.S.C. § 271(a), (b), and/or (c), including but not necessarily limited to one or more of making, using, selling, offering to sell, and importing into

COMPLAINT FOR PATENT INFRINGEMENT

the United States, and inducing and contributing to infringement by others, in this District and elsewhere in the United States, including the products identified below.

21.    Defendant's acts of infringement have caused and continue to cause damage to Signify. Signify is entitled to recover from Defendant the damages sustained by Signify as a result of Defendant's wrongful acts in an amount to be awarded at trial.

22.    Defendant's infringement has been and continues to be willful. Defendant has been aware of its infringement of the Patents-in-Suit since it received notice of infringement but has continued to sell infringing products despite being forewarned of its infringement.

23.    Defendant has committed and continues to commit acts of infringement despite a high likelihood that its actions constitute infringement, and Defendant knew or should have known that its actions constituted an unjustifiably high risk of infringement.

24.    Defendant's infringement of the Patents-in-Suit is causing irreparable harm for which Signify has no adequate remedy at law unless Defendant is enjoined by this Court. Under 35 U.S.C. § 283, Signify is entitled to a permanent injunction against further infringement of the Patents-in-Suit.

**COUNT ONE**

**INFRINGEMENT OF U.S. PATENT NO. 11,408,588**

25.    Signify incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

26.    On information and belief, Defendant has directly infringed and is directly infringing claims of the '588 Patent, including at least claim 1, in violation of 35 U.S.C. § 271(a) by manufacturing, using, offering to sell, selling, and/or importing infringing Liton-branded products having a "ColorSelect" switch (including at least LCMPD12R, LTD8311, LTD8321, LTD8331, LTD8341 products optioned with the

7

1   "ColorSelect" switch) and products with substantially similar features (collectively,

2   the "'588 Accused Products").

3        27.   Signify names these exemplary infringing instrumentalities to serve as

4   notice of Defendant's infringing acts, but Signify reserves the right to name additional

5   infringing products, known to or learned by Signify or revealed during discovery, and

6   include them in the definition of the '588 Accused Products. Defendant's

7   LCMPD12R with "ColorSelect" switch is a representative example of the '588

8   Accused Products and is shown below to demonstrate infringement of the '588 Patent.

9        28.   Claim 1 of the '588 Patent recites:

10            A luminaire comprising:

11                a housing;

12                at least one switch disposed on the housing;

13                wherein the housing includes:

14                    a first set of light emitting diode (LED) light sources

15                each having a first color temperature and a second set of

16                LED light sources each having a second color temperature;

17                and

18                    wherein each of the first set of LED light sources and

19                second set of LED light sources are controlled by the at least

20                one switch, wherein when the at least one switch is in a first

21                configuration, the light emitted by the luminaire is a third

22                color temperature different than the first and second color

23                temperatures and in between the first and second color

24                temperatures, wherein the third color temperature is

25                produced by mixing light emitted by at least a portion of the

26                first set of LED light sources and light emitted by at least a

27                portion of the second set of LED light sources.

28

29.    To the extent the preamble limits the claim, on information and belief, the '588 Accused Products are "a luminaire." For example, this is shown below in the LCMPD12R.



30.    On information and belief, the '588 Accused Products comprise "a housing." For example, this limitation is shown below in the LCMPD12R.



31.    On information and belief, the '588 Accused Products comprise "at least one switch disposed on the housing." For example, this limitation is shown below in the LCMPD12R.



32.    On information and belief, the '588 Accused Products comprise "a first set of light emitting diode (LED) light sources each having a first color temperature and a second set of LED light sources each having a second color temperature." For example, this limitation is shown below in the LCMPD12R.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



First set of LEDs



Second set of LEDs

33.    On information and belief, the '588 Accused Products comprise "wherein each of the first set of  LED light sources and second set of LED light sources are controlled by the at least one switch, wherein when the at least one switch is in a first configuration, the light emitted by the luminaire is a third color temperature different than the first and second color temperatures and in between the first and

COMPLAINT FOR PATENT INFRINGEMENT

1    second color temperatures, wherein the third color temperature is produced by mixing

2    light emitted by at least a portion of the first set of LED light sources and light emitted

3    by at least a portion of the second set of LED light sources." For example, this

4    limitation is shown below in the LCMPD12R.



14       34.    The full extent of Defendant's infringement is not presently known to

15   Signify. On information and belief, Defendant has made and sold, or will make and

16   sell, products under different names or part numbers that infringe the '588 Patent in a

17   similar manner. Signify makes this preliminary identification of infringing products

18   and infringed claims without the benefit of discovery or claim construction in this

19   action, and expressly reserves the right to augment, supplement, and revise its

20   identifications based on additional information obtained through discovery or

21   otherwise. Signify will identify each claim of the '588 Patent that is infringed and

22   each product that Signify is aware of that infringes the '588 Patent in accordance with

23   the applicable scheduling order in this case.

24       35.    On information and belief, Defendant has been aware of and has had

25   notice of the '588 Patent and its infringement of the '588 Patent since at least January

26   30, 2024, when it received a notice from Signify informing it of the same.

36.    On information and belief, by continuing to make, use, sell, offer to sell and/or import the '588 Accused Products on or after Defendant first had notice of Signify's allegations of infringement, Defendant indirectly infringed and continues to indirectly infringe at least claim 1 of the '588 Patent by active inducement under 35 U.S.C. § 271(b). Defendant has done so by acts including but not limited to (1) selling such products including features that—when used or resold—infringe, either literally or under the doctrine of equivalents, the '588 Patent; (2) marketing the infringing capabilities of such products; and (3) providing instructions, technical support, and other support and encouragement for the infringing use of such products. Defendant has engaged in such conduct despite its knowledge that such conduct would and was intended to result in direct infringement by Defendant's direct and indirect customers, including the making, using, selling, offering for sale and/or importation of the '588 Accused Products in the United States. Defendant has performed and continues to perform these affirmative acts with knowledge of the '588 Patent and with knowledge and intent that such actions would induce infringement of the '588 Patent by Defendant's direct and indirect customers.

37.    On information and belief, by continuing to make, use, sell, offer to sell an/or import the '588 Accused Products on or after Defendant first had notice of Signify's allegations of infringement, Defendant indirectly infringed and continues to indirectly infringe at least claim 1 of the '588 Patent by contributorily infringing under 35 U.S.C. § 271(c). Defendant's affirmative acts of manufacturing, selling, offering for sale, and/or importing the '588 Accused Products and components thereof, including the components identified above, in this District and elsewhere in the United States, contribute to Defendant's customers and end-users directly infringing the '588 Patent. The '588 Accused Products and components thereof, including the components identified above, are not staple articles or commodities of commerce,

have no substantial non-infringing uses, and are known by Defendant to be especially made or especially adapted for use in infringement of the '588 Patent.

38.    On information and belief, Defendant's infringement of the '588 Patent is causing irreparable harm for which Signify has no adequate remedy at law unless Defendant is enjoined by this Court. Under 35 U.S.C. § 283, Signify is entitled to a permanent injunction against further infringement of the '588 Patent.

39.    On information and belief, Signify has suffered and continues to suffer damages as a result of Defendant's infringement of the '588 Patent in an amount to be determined at trial.

40.    On information and belief, Defendant's pre-suit knowledge of the '588 Patent and failure to substantively address Signify's numerous notifications of infringement are sufficient to support a plausible inference that Defendant's infringement was willful and egregious, warranting enhancement of damages under 35 U.S.C. § 284.

41.    On information and belief, and in light of the allegations above, including Defendant's willful infringement of the '588 Patent, this case is exceptional under 35 U.S.C. § 285, entitling Signify to costs and attorneys' fees incurred in prosecuting this action.

## COUNT TWO

## INFRINGEMENT OF U.S. PATENT NO. 10,506,682

42.    Signify incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

43.    On information and belief, Defendant has directly infringed and is directly infringing claims of the '682 Patent, including at least claim 1, in violation of 35 U.S.C. § 271(a) by manufacturing, using, offering to sell, selling, and/or importing infringing Liton-branded products having a "ColorSelect" switch (including at least

1   LCMPD12R products optioned with the "ColorSelect" switch) and products with

2   substantially similar features (collectively, the "'682 Accused Products").

3          44.    Signify names these exemplary infringing instrumentalities to serve as

4   notice of Defendant's infringing acts, but Signify reserves the right to name additional

5   infringing products, known to or learned by Signify or revealed during discovery, and

6   include them in the definition of the '682 Accused Products. Defendant's

7   LCMPD12R with "ColorSelect" switch is a representative example of the '682

8   Accused Products and is shown below to demonstrate infringement of the '682 Patent.

9          45.    Claim 1 of the '682 Patent recites:

10              A luminaire comprising:

11                  a control module comprising:

12                      at least one first switch that has multiple positions;

13                  and

14                      a plurality of resistive components coupled to the at

15              least one first switch, wherein each position of the at least

16              one first switch corresponds to a resistance of the plurality

17              of resistive components, wherein the resistance determines

18              a current level of a plurality of current levels when power is

19              applied to the plurality of resistive components; and

20              a light source coupled to the control module, wherein the

21          light source emits an output based on the current level received

22          from the control module,

23              wherein the at least one first switch, when in any position

24          of the multiple positions, and at least one of the plurality of

25          resistive components are coupled to the light source,

26

27

28

COMPLAINT FOR PATENT INFRINGEMENT

wherein the light source illuminates when the power flows
through the control module to the light source, regardless of the
position of the at least one first switch.

46.    To the extent the preamble limits the claim, on information and belief,
the '682 Accused Products are "a luminaire." For example, this is shown below in the
LCMPD12R.



47.    On information and belief, the '682 Accused Products comprise "a
control module." For example, this limitation is shown below in the LCMPD12R.

1

2

3

4

5

6

7

8

9

10

11

12

13



14    48.    On information and belief, the '682 Accused Products comprise "at least

15  one first switch that has multiple positions." For example, this limitation is shown

16  below in the LCMPD12R.

17

18

19

20

21

22

23

24

25

26

27

28



COMPLAINT FOR PATENT INFRINGEMENT

49.    On information and belief, the '682 Accused Products comprise "a plurality of resistive components coupled to the at least one first switch, wherein each position of the at least one first switch corresponds to a resistance of the plurality of resistive components, wherein the resistance determines a current level of a plurality of current levels when power is applied to the plurality of resistive components." For example, this limitation is shown below in the LCMPD12R.



50.    On information and belief, the '682 Accused Products comprise "a light source coupled to the control module, wherein the light source emits an output based on the current level received from the control module." For example, this limitation is shown below in the LCMPD12R.

1
2
3
4
5
6
7
8
9
10



11    51.    On information and belief, the '682 Accused Products comprise
12 "wherein the at least one first switch, when in any position of the multiple positions,
13 and at least one of the plurality of resistive components are coupled to the light
14 source." For example, this limitation is shown below in the LCMPD12R.

15



24    52.    On information and belief, the '682 Accused Products comprise
25 "wherein the light source illuminates when the power flows through the control

26
27
28

COMPLAINT FOR PATENT INFRINGEMENT

module to the light source, regardless of the position of the at least one first switch." For example, this limitation is shown below in the LCMPD12R.



53.    The full extent of Defendant's infringement is not presently known to Signify. On information and belief, Defendant has made and sold, or will make and sell, products under different names or part numbers that infringe the '682 Patent in a similar manner. Signify makes this preliminary identification of infringing products and infringed claims without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise its identifications based on additional information obtained through discovery or otherwise. Signify will identify each claim of the '682 Patent that is infringed and

each product that Signify is aware of that infringes the '682 Patent in accordance with the applicable scheduling order in this case.

54.    On information and belief, Defendant has been aware of and has had notice of the '682 Patent and its infringement of the '682 Patent since at least August 21, 2024, when it received a notice from Signify informing it of the same.

55.    On information and belief, by continuing to make, use, sell, offer to sell and/or import the '682 Accused Products on or after Defendant first had notice of Signify's allegations of infringement, Defendant indirectly infringed and continues to indirectly infringe at least claim 1 of the '682 Patent by active inducement under 35 U.S.C. § 271(b). Defendant has done so by acts including but not limited to (1) selling such products including features that—when used or resold—infringe, either literally or under the doctrine of equivalents, the '682 Patent; (2) marketing the infringing capabilities of such products; and (3) providing instructions, technical support, and other support and encouragement for the infringing use of such products. Defendant has engaged in such conduct despite its knowledge that such conduct would and was intended to result in direct infringement by Defendant's direct and indirect customers, including the making, using, selling, offering for sale and/or importation of the '682 Accused Products in the United States. Defendant has performed and continues to perform these affirmative acts with knowledge of the '682 Patent and with knowledge and intent that such actions would induce infringement of the '682 Patent by Defendant's direct and indirect customers.

56.    On information and belief, by continuing to make, use, sell, offer to sell an/or import the '682 Accused Products on or after Defendant first had notice of Signify's allegations of infringement, Defendant indirectly infringed and continues to indirectly infringe at least claim 1 of the '682 Patent by contributorily infringing under 35 U.S.C. § 271(c). Defendant's affirmative acts of manufacturing, selling, offering for sale, and/or importing the '682 Accused Products and components thereof,

including the components identified above, in this District and elsewhere in the United States, contribute to Defendant's customers and end-users directly infringing the '682 Patent. The '682 Accused Products and components thereof, including the components identified above, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendant to be especially made or especially adapted for use in infringement of the '682 Patent.

57.    On information and belief, Defendant's infringement of the '682 Patent is causing irreparable harm for which Signify has no adequate remedy at law unless Defendant is enjoined by this Court. Under 35 U.S.C. § 283, Signify is entitled to a permanent injunction against further infringement of the '682 Patent.

58.    On information and belief, Signify has suffered and continues to suffer damages as a result of Defendant's infringement of the '682 Patent in an amount to be determined at trial.

59.    On information and belief, Defendant's pre-suit knowledge of the '682 Patent and failure to substantively address Signify's numerous notifications of infringement are sufficient to support a plausible inference that Defendant's infringement was willful and egregious, warranting enhancement of damages under 35 U.S.C. § 284.

60.    On information and belief, and in light of the allegations above, including Defendant's willful infringement of the '682 Patent, this case is exceptional under 35 U.S.C. § 285, entitling Signify to costs and attorneys' fees incurred in prosecuting this action.

## COUNT THREE

## INFRINGEMENT OF U.S. PATENT NO. 8,905,602

61.    Signify incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

62.    On information and belief, Defendant has directly infringed and is directly infringing claims of the '602 Patent, including at least claim 1, in violation of 35 U.S.C. § 271(a) by manufacturing, using, offering to sell, selling, and/or importing infringing Liton-branded downlight products with removable trim (including at least LREQLD402, LRELD442, LHAJLD4, LRLD642 products) and products with substantially similar features (collectively, the "'602 Accused Products").

63.    Signify names these exemplary infringing instrumentalities to serve as notice of Defendant's infringing acts, but Signify reserves the right to name additional infringing products, known to or learned by Signify or revealed during discovery, and include them in the definition of the '602 Accused Products. Defendant's LREQLD402 is a representative example of the '602 Accused Products and is shown below to demonstrate infringement of the '602 Patent.

64.    Claim 1 of the '602 Patent recites:

A light emitting diode ("LED") downlight module, comprising:

a heat sink comprising a heat sink bottom surface;

an LED light source coupled to the heat sink;

a housing comprising a sidewall surrounding a channel formed therein, the housing being coupled to the heat sink bottom surface, wherein light emitted from the LED light source is emitted through the channel; and

a trim removably coupled to a lower portion of the housing, the trim being replaceable.

65.    To the extent the preamble limits the claim, on information and belief, the '602 Accused Products are "a light emitting diode ("LED") downlight module." For example, this is shown below in the LREQLD402.

1
2
3
4
5
6
7
8
9
10
11



12    66.    On information and belief, the '602 Accused Products comprise "a heat

13  sink comprising a heat sink bottom surface." For example, this limitation is shown

14  below in the LREQLD402.

15
16
17
18
19
20
21
22
23
24
25
26
27
28



COMPLAINT FOR PATENT INFRINGEMENT

67.     On information and belief, the '602 Accused Products comprise "an LED light source coupled to the heat sink." For example, this limitation is shown below in the LREQLD402.



68.     On information and belief, the '602 Accused Products comprise "a housing comprising a sidewall surrounding a channel formed therein." For example, this limitation is shown below in the LREQLD402.



69.    On information and belief, the '602 Accused Products comprise "the housing being coupled to the heat sink bottom surface, wherein light emitted from the LED light source is emitted through the channel." For example, this limitation is shown below in the LREQLD402.



70.    On information and belief, the '602 Accused Products comprise "a trim removably coupled to a lower portion of the housing, the trim being replaceable." For example, this limitation is shown below in the LREQLD402.



71.    The full extent of Defendant's infringement is not presently known to Signify. On information and belief, Defendant has made and sold, or will make and sell, products under different names or part numbers that infringe the '602 Patent in a similar manner. Signify makes this preliminary identification of infringing products and infringed claims without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise its identifications based on additional information obtained through discovery or otherwise. Signify will identify each claim of the '602 Patent that is infringed and each product that Signify is aware of that infringes the '602 Patent in accordance with the applicable scheduling order in this case.

72.    On information and belief, Defendant has been aware of and has had notice of the '602 Patent and its infringement of the '602 Patent since at least September 16, 2020, when it received a notice from Signify informing it of the same.

73.    On information and belief, by continuing to make, use, sell, offer to sell and/or import the '602 Accused Products on or after Defendant first had notice of Signify's allegations of infringement, Defendant indirectly infringed and continues to indirectly infringe at least claim 1 of the '602 Patent by active inducement under 35 U.S.C. § 271(b). Defendant has done so by acts including but not limited to (1) selling such products including features that—when used or resold—infringe, either literally or under the doctrine of equivalents, the '602 Patent; (2) marketing the infringing capabilities of such products; and (3) providing instructions, technical support, and other support and encouragement for the infringing use of such products. Defendant has engaged in such conduct despite its knowledge that such conduct would and was intended to result in direct infringement by Defendant's direct and indirect customers, including the making, using, selling, offering for sale and/or importation of the '602 Accused Products in the United States. Defendant has performed and continues to perform these affirmative acts with knowledge of the '602 Patent and with knowledge

and intent that such actions would induce infringement of the '602 Patent by Defendant's direct and indirect customers.

74.     On information and belief, by continuing to make, use, sell, offer to sell an/or import the '602 Accused Products on or after Defendant first had notice of Signify's allegations of infringement, Defendant indirectly infringed and continues to indirectly infringe at least claim 1 of the '602 Patent by contributorily infringing under 35 U.S.C. § 271(c). Defendant's affirmative acts of manufacturing, selling, offering for sale, and/or importing the '602 Accused Products and components thereof, including the components identified above, in this District and elsewhere in the United States, contribute to Defendant's customers and end-users directly infringing the '602 Patent. The '602 Accused Products and components thereof, including the components identified above, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendant to be especially made or especially adapted for use in infringement of the '602 Patent.

75.     On information and belief, Defendant's infringement of the '602 Patent is causing irreparable harm for which Signify has no adequate remedy at law unless Defendant is enjoined by this Court. Under 35 U.S.C. § 283, Signify is entitled to a permanent injunction against further infringement of the '602 Patent.

76.     On information and belief, Signify has suffered and continues to suffer damages as a result of Defendant's infringement of the '602 Patent in an amount to be determined at trial.

77.     On information and belief, Defendant's pre-suit knowledge of the '602 Patent and failure to substantively address Signify's numerous notifications of infringement are sufficient to support a plausible inference that Defendant's infringement was willful and egregious, warranting enhancement of damages under 35 U.S.C. § 284.

78.    On information and belief, and in light of the allegations above, including Defendant's willful infringement of the '602 Patent, this case is exceptional under 35 U.S.C. § 285, entitling Signify to costs and attorneys' fees incurred in prosecuting this action.

**COUNT FOUR**

**INFRINGEMENT OF U.S. PATENT NO. 8,348,479**

79.    Signify incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

80.    On information and belief, Defendant has directly infringed and is directly infringing claims of the '479 Patent, including at least claim 1, in violation of 35 U.S.C. § 271(a) by manufacturing, using, offering to sell, selling, and/or importing infringing Liton-branded downlight products with torsion springs on opposite side surfaces (including at least LRLD678, LRL642, and LRALD4 products) and products with substantially similar features (collectively, the "'479 Accused Products").

81.    Signify names these exemplary infringing instrumentalities to serve as notice of Defendant's infringing acts, but Signify reserves the right to name additional infringing products, known to or learned by Signify or revealed during discovery, and include them in the definition of the '479 Accused Products. Defendant's LRLD678 and LRALD4 are a representative examples of the '479 Accused Products and are shown below to demonstrate infringement of the '479 Patent.

82.    Claim 1 of the '479 Patent recites:

A downlight module, comprising:

a light emitting diode ("LED") package comprising a plurality of LEDs mounted to a common substrate;

a heat sink coupled to the LED package; and

at least two torsion springs located on opposite side surfaces of the downlight module proximal to an open end of the downlight

module, wherein the torsion springs are used to mount the heat sink and LED package within a recessed light fixture,

wherein the LED package generates substantially all of the light emitted by the recessed lighting fixture through the open end of the downlight module.

## LRLD678

83.    To the extent the preamble limits the claim, on information and belief, the '479 Accused Products are "a downlight module." For example, this is shown below in the LRLD678.



84.    On information and belief, the '479 Accused Products comprise "a light emitting diode ("LED") package comprising a plurality of LEDs mounted to a common substrate." For example, this limitation is shown below in the LRLD678.

1
2
3
4
5
6
7
8
9
10



11  On information and belief, the '479 Accused Products comprise "a heat sink
12 coupled to the LED package." For example, this limitation is shown below in the
13 LRLD678.

14
15
16
17
18
19
20
21
22
23



24  85.    On information and belief, the '479 Accused Products comprise "at least
25 two torsion springs located on opposite side surfaces of the downlight module
26 proximal to an open end of the downlight module, wherein the torsion springs are

27
28

COMPLAINT FOR PATENT INFRINGEMENT

used to mount the heat sink and LED package within a recessed light fixture." For
example, this limitation is shown below in the LRLD678.



https://liton.com/media/files/cutsheets/LRLD678_

86.    On information and belief, the '479 Accused Products comprise
"wherein the LED package generates substantially all of the light emitted by the
recessed lighting fixture through the open end of the downlight module." For
example, this limitation is shown below in the LRLD678.



COMPLAINT FOR PATENT INFRINGEMENT

## **LRALD4**

87.    To the extent the preamble limits the claim, on information and belief, the '479 Accused Products are "a downlight module." For example, this is shown below in the LRALD4.



88.    On information and belief, the '479 Accused Products comprise "a light emitting diode ("LED") package comprising a plurality of LEDs mounted to a common substrate." For example, this limitation is shown below in the LRALD4.



33

89.     On information and belief, the '479 Accused Products comprise "a heat sink coupled to the LED package." For example, this limitation is shown below in the LRALD4.



90.     On information and belief, the '479 Accused Products comprise "at least two torsion springs located on opposite side surfaces of the downlight module proximal to an open end of the downlight module, wherein the torsion springs are used to mount the heat sink and LED package within a recessed light fixture." For example, this limitation is shown below in the LRALD4.



91.    On information and belief, the '479 Accused Products comprise "wherein the LED package generates substantially all of the light emitted by the recessed lighting fixture through the open end of the downlight module." For example, this limitation is shown below in the LRALD4.



92.    The full extent of Defendant's infringement is not presently known to Signify. On information and belief, Defendant has made and sold, or will make and sell, products under different names or part numbers that infringe the '479 Patent in a similar manner. Signify makes this preliminary identification of infringing products and infringed claims without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise its identifications based on additional information obtained through discovery or otherwise. Signify will identify each claim of the '479 Patent that is infringed and each product that Signify is aware of that infringes the '479 Patent in accordance with the applicable scheduling order in this case.

93.    On information and belief, Defendant has been aware of and has had notice of the '479 Patent and its infringement of the '479 Patent since at least September 16, 2020, when it received a notice from Signify informing it of the same.

94.     On information and belief, by continuing to make, use, sell, offer to sell and/or import the '479 Accused Products on or after Defendant first had notice of Signify's allegations of infringement, Defendant indirectly infringed and continues to indirectly infringe at least claim 1 of the '479 Patent by active inducement under 35 U.S.C. § 271(b). Defendant has done so by acts including but not limited to (1) selling such products including features that—when used or resold—infringe, either literally or under the doctrine of equivalents, the '479 Patent; (2) marketing the infringing capabilities of such products; and (3) providing instructions, technical support, and other support and encouragement for the infringing use of such products. Defendant has engaged in such conduct despite its knowledge that such conduct would and was intended to result in direct infringement by Defendant's direct and indirect customers, including the making, using, selling, offering for sale and/or importation of the '479 Accused Products in the United States. Defendant has performed and continues to perform these affirmative acts with knowledge of the '479 Patent and with knowledge and intent that such actions would induce infringement of the '479 Patent by Defendant's direct and indirect customers.

95.     On information and belief, by continuing to make, use, sell, offer to sell an/or import the '479 Accused Products on or after Defendant first had notice of Signify's allegations of infringement, Defendant indirectly infringed and continues to indirectly infringe at least claim 1 of the '479 Patent by contributorily infringing under 35 U.S.C. § 271(c). Defendant's affirmative acts of manufacturing, selling, offering for sale, and/or importing the '479 Accused Products and components thereof, including the components identified above, in this District and elsewhere in the United States, contribute to Defendant's customers and end-users directly infringing the '479 Patent. The '479 Accused Products and components thereof, including the components identified above, are not staple articles or commodities of commerce,

have no substantial non-infringing uses, and are known by Defendant to be especially made or especially adapted for use in infringement of the '479 Patent.

96.    On information and belief, Defendant's infringement of the '479 Patent is causing irreparable harm for which Signify has no adequate remedy at law unless Defendant is enjoined by this Court. Under 35 U.S.C. § 283, Signify is entitled to a permanent injunction against further infringement of the '479 Patent.

97.    On information and belief, Signify has suffered and continues to suffer damages as a result of Defendant's infringement of the '479 Patent in an amount to be determined at trial.

98.    On information and belief, Defendant's pre-suit knowledge of the '479 Patent and failure to substantively address Signify's numerous notifications of infringement are sufficient to support a plausible inference that Defendant's infringement was willful and egregious, warranting enhancement of damages under 35 U.S.C. § 284.

99.    On information and belief, and in light of the allegations above, including Defendant's willful infringement of the '479 Patent, this case is exceptional under 35 U.S.C. § 285, entitling Signify to costs and attorneys' fees incurred in prosecuting this action.

## COUNT FIVE

## INFRINGEMENT OF U.S. PATENT NO. 8,348,477

100.    Signify incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

101.    On information and belief, Defendant has directly infringed and is directly infringing claims of the '477 Patent, including at least claim 1, in violation of 35 U.S.C. § 271(a) by manufacturing, using, offering to sell, selling, and/or importing infringing Liton-branded downlight products with torsion springs on opposite side

COMPLAINT FOR PATENT INFRINGEMENT

surfaces (including at least LRLD678, LRL642, and LRALD4 products) and products with substantially similar features (collectively, the "'477 Accused Products").

102.   Signify names these exemplary infringing instrumentalities to serve as notice of Defendant's infringing acts, but Signify reserves the right to name additional infringing products, known to or learned by Signify or revealed during discovery, and include them in the definition of the '477 Accused Products. Defendant's LRLD678 and LRALD4 products are a representative examples of the '477 Accused Products and are shown below to demonstrate infringement of the '477 Patent.

103.   Claim 1 of the '477 Patent recites:

A downlight module, comprising:

at least one light emitting diode ("LED") light source, each LED light source comprising at least one LED package;

a heat sink coupled to the at least one LED package, wherein a portion of the heat sink is a substantially planar surface of the interior of the downlight module facing an open end of the module, and wherein the at least one LED package is affixed to the substantially planar surface of the heat sink facing the open end; and

at least two torsion springs coupled to an exterior surface of the downlight module, the torsion springs configured to be disposed within a recessed light fixture housing when engaged to the housing,

wherein the LED light source emits light through the open end of the downlight module.

COMPLAINT FOR PATENT INFRINGEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **LRLD678**

104.  To the extent the preamble limits the claim, on information and belief, the '477 Accused Products are "a downlight module." For example, this is shown below in LRLD678.



105.  On information and belief, the '477 Accused Products comprise "at least one light emitting diode ("LED") light source, each LED light source comprising at least one LED package." For example, this limitation is shown below in the LRLD678.



39

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

106.   On information and belief, the '477 Accused Products comprise "a heat sink coupled to the at least one LED package, wherein a portion of the heat sink is a substantially planar surface of the interior of the downlight module facing an open end of the module, and wherein the at least one LED package is affixed to the substantially planar surface of the heat sink facing the open end." For example, this limitation is shown below in the LRLD678.



https://liton.com/media/files/cutsheets/LRLD678__2105

107.   On information and belief, the '477 Accused Products comprise "at least two torsion springs coupled to an exterior surface of the downlight module, the torsion springs configured to be disposed within a recessed light fixture housing when engaged to the housing." For example, this is shown below in the LRLD678.

40

COMPLAINT FOR PATENT INFRINGEMENT

1
2
3
4
5
6
7
8
9
10



11    108. On information and belief, the '477 Accused Products comprise

12   "wherein the LED light source emits light through the open end of the downlight

13   module." For example, this limitation is shown below in the LRLD678.

14
15
16
17
18
19
20
21
22
23
24



25
26
27
28

COMPLAINT FOR PATENT INFRINGEMENT

**LRALD4**

109.   To the extent the preamble limits the claim, on information and belief, the '477 Accused Products are "a downlight module." For example, this is shown below in LRALD4.



110.   On information and belief, the '477 Accused Products comprise "at least one light emitting diode ("LED") light source, each LED light source comprising at least one LED package." For example, this limitation is shown below in the LRALD4.



42

COMPLAINT FOR PATENT INFRINGEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

111.   On information and belief, the '477 Accused Products comprise "a heat sink coupled to the at least one LED package, wherein a portion of the heat sink is a substantially planar surface of the interior of the downlight module facing an open end of the module, and wherein the at least one LED package is affixed to the substantially planar surface of the heat sink facing the open end." For example, this limitation is shown below in the LRALD4.



112.   On information and belief, the '477 Accused Products comprise "at least two torsion springs coupled to an exterior surface of the downlight module, the torsion springs configured to be disposed within a recessed light fixture housing when engaged to the housing." For example, this is shown below in the LRALD4.



COMPLAINT FOR PATENT INFRINGEMENT

113.  On information and belief, the '477 Accused Products comprise "wherein the LED light source emits light through the open end of the downlight module." For example, this limitation is shown below in the LRALD4.



114.  The full extent of Defendant's infringement is not presently known to Signify. On information and belief, Defendant has made and sold, or will make and sell, products under different names or part numbers that infringe the '477 Patent in a similar manner. Signify makes this preliminary identification of infringing products and infringed claims without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise its identifications based on additional information obtained through discovery or otherwise. Signify will identify each claim of the '477 Patent that is infringed and each product that Signify is aware of that infringes the '477 Patent in accordance with the applicable scheduling order in this case.

115.  On information and belief, Defendant has been aware of and has had notice of the '477 Patent and its infringement of the '477 Patent since at least November 19, 2020, when it received a notice from Signify informing it of the same.

116.  On information and belief, by continuing to make, use, sell, offer to sell and/or import the '477 Accused Products on or after Defendant first had notice of Signify's allegations of infringement, Defendant indirectly infringed and continues to

indirectly infringe at least claim 1 of the '477 Patent by active inducement under 35 U.S.C. § 271(b). Defendant has done so by acts including but not limited to (1) selling such products including features that—when used or resold—infringe, either literally or under the doctrine of equivalents, the '477 Patent; (2) marketing the infringing capabilities of such products; and (3) providing instructions, technical support, and other support and encouragement for the infringing use of such products. Defendant has engaged in such conduct despite its knowledge that such conduct would and was intended to result in direct infringement by Defendant's direct and indirect customers, including the making, using, selling, offering for sale and/or importation of the '477 Accused Products in the United States. Defendant has performed and continues to perform these affirmative acts with knowledge of the '477 Patent and with knowledge and intent that such actions would induce infringement of the '477 Patent by Defendant's direct and indirect customers.

117.    On information and belief, by continuing to make, use, sell, offer to sell an/or import the '477 Accused Products on or after Defendant first had notice of Signify's allegations of infringement, Defendant indirectly infringed and continues to indirectly infringe at least claim 1 of the '477 Patent by contributorily infringing under 35 U.S.C. § 271(c). Defendant's affirmative acts of manufacturing, selling, offering for sale, and/or importing the '477 Accused Products and components thereof, including the components identified above, in this District and elsewhere in the United States, contribute to Defendant's customers and end-users directly infringing the '477 Patent. The '477 Accused Products and components thereof, including the components identified above, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendant to be especially made or especially adapted for use in infringement of the '477 Patent.

118.    On information and belief, Defendant's infringement of the '477 Patent is causing irreparable harm for which Signify has no adequate remedy at law unless

1     Defendant is enjoined by this Court. Under 35 U.S.C. § 283, Signify is entitled to a

2     permanent injunction against further infringement of the '477 Patent.

3          119.   On information and belief, Signify has suffered and continues to suffer

4     damages as a result of Defendant's infringement of the '477 Patent in an amount to

5     be determined at trial.

6          120.   On information and belief, Defendant's pre-suit knowledge of the '477

7     Patent and failure to substantively address Signify's numerous notifications of

8     infringement are sufficient to support a plausible inference that Defendant's

9     infringement was willful and egregious, warranting enhancement of damages under

10     35 U.S.C. § 284.

11          121.   On information and belief, and in light of the allegations above,

12     including Defendant's willful infringement of the '477 Patent, this case is exceptional

13     under 35 U.S.C. § 285, entitling Signify to costs and attorneys' fees incurred in

14     prosecuting this action.

15                                 **COUNT SIX**

16         **INFRINGEMENT OF U.S. PATENT NO. 8,070,328**

17          122.   Signify incorporates by reference the allegations set forth in the

18     preceding paragraphs as though fully set forth herein.

19          123.   On information and belief, Defendant has directly infringed and is

20     directly infringing claims of the '328 Patent, including at least claim 1, in violation of

21     35 U.S.C. § 271(a) by manufacturing, using, offering to sell, selling, and/or importing

22     infringing Liton-branded products having a dual reflector arrangement (including at

23     least LRELD442, LRALD4, and LHAJLD4 products) and other products with

24     substantially similar features (collectively, the "'328 Accused Products").

25          124.   Signify names these exemplary infringing instrumentalities to serve as

26     notice of Defendant's infringing acts, but Signify reserves the right to name additional

27     infringing products, known to or learned by Signify or revealed during discovery, and

28

include them in the definition of the '328 Accused Products. Defendant's LRELD442 is a representative example of the '328 Accused Products and is shown below to demonstrate infringement of the '328 Patent.

125.   Claim 1 of the '328 Patent recites:

An LED downlight fixture, comprising:

an array of LEDs in thermal connectivity with a heatsink, said array of LEDs positioned adjacent a first aperture of a multi-piece reflector assembly;

said multi-piece reflector assembly including:

a first reflector having said first aperture disposed in an upper portion of said first reflector and an opposed larger second aperture in a lower portion of said first reflector;

a second reflector having a first aperture positioned adjacent said second aperture of said first reflector and a second aperture opposite said first aperture of said second reflector and defining a light exit passageway;

a diffuser positioned proximal to and extending across said second aperture of said first reflector and said first aperture of said second reflector.

COMPLAINT FOR PATENT INFRINGEMENT

126.   To the extent the preamble limits the claim, on information and belief,
the '328 Accused Products are "an LED downlight fixture." For example, this is
shown below in the LRELD442.



127.   On information and belief, the '328 Accused Products comprise "an
array of LEDs in thermal connectivity with a heatsink, said array of LEDs positioned
adjacent a first aperture of a multi-piece reflector assembly." For example, this
limitation is shown below in the LRELD442.



COMPLAINT FOR PATENT INFRINGEMENT

1
2
3
4
5
6
7
8
9
10
11



12 On information and belief, the '328 Accused Products comprise a "multi-piece
13 reflector assembly including: a first reflector having said first aperture disposed in an
14 upper portion of said first reflector and an opposed larger second aperture in a lower
15 portion of said first reflector." For example, this limitation is shown below in the
16 LRELD442.

17
18
19
20



21
22
23
24
25
26
27
28

COMPLAINT FOR PATENT INFRINGEMENT

128.   On information and belief, the '328 Accused Products comprise a "multi-piece reflector assembly including:" "a second reflector having a first aperture positioned adjacent said second aperture of said first reflector and a second aperture opposite said first aperture of said second reflector and defining a light exit passageway." For example, this limitation is shown below in the LRELD442.



129.   On information and belief, the '328 Accused Products comprise "a diffuser positioned proximal to and extending across said second aperture of said first reflector and said first aperture of said second reflector." For example, this limitation is shown below in the LRELD442.



COMPLAINT FOR PATENT INFRINGEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

130.   The full extent of Defendant's infringement is not presently known to Signify. On information and belief, Defendant has made and sold, or will make and sell, products under different names or part numbers that infringe the '328 Patent in a similar manner. Signify makes this preliminary identification of infringing products and infringed claims without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise its identifications based on additional information obtained through discovery or otherwise. Signify will identify each claim of the '328 Patent that is infringed and each product that Signify is aware of that infringes the '328 Patent in accordance with the applicable scheduling order in this case.

131.   On information and belief, Defendant has been aware of and has had notice of the '328 Patent and its infringement of the '328 Patent since at least November 19, 2018, when it received a notice from Signify informing it of the same.

132.   On information and belief, by continuing to make, use, sell, offer to sell and/or import the '328 Accused Products on or after Defendant first had notice of Signify's allegations of infringement, Defendant indirectly infringed and continues to indirectly infringe at least claim 1 of the '328 Patent by active inducement under 35 U.S.C. § 271(b). Defendant has done so by acts including but not limited to (1) selling such products including features that—when used or resold—infringe, either literally or under the doctrine of equivalents, the '328 Patent; (2) marketing the infringing capabilities of such products; and (3) providing instructions, technical support, and other support and encouragement for the infringing use of such products. Defendant has engaged in such conduct despite its knowledge that such conduct would and was intended to result in direct infringement by Defendant's direct and indirect customers, including the making, using, selling, offering for sale and/or importation of the '328 Accused Products in the United States. Defendant has performed and continues to perform these affirmative acts with knowledge of the '328 Patent and with knowledge

1   and intent that such actions would induce infringement of the '328 Patent by
2   Defendant's direct and indirect customers.

3       133.   On information and belief, by continuing to make, use, sell, offer to sell
4   an/or import the '328 Accused Products on or after Defendant first had notice of
5   Signify's allegations of infringement, Defendant indirectly infringed and continues to
6   indirectly infringe at least claim 1 of the '328 Patent by contributorily infringing under
7   35 U.S.C. § 271(c). Defendant's affirmative acts of manufacturing, selling, offering
8   for sale, and/or importing the '328 Accused Products and components thereof,
9   including the components identified above, in this District and elsewhere in the United
10  States, contribute to Defendant's customers and end-users directly infringing the '328
11  Patent. The '328 Accused Products and components thereof, including the
12  components identified above, are not staple articles or commodities of commerce,
13  have no substantial non-infringing uses, and are known by Defendant to be especially
14  made or especially adapted for use in infringement of the '328 Patent.

15      134.   On information and belief, Defendant's infringement of the '328 Patent
16  is causing irreparable harm for which Signify has no adequate remedy at law unless
17  Defendant is enjoined by this Court. Under 35 U.S.C. § 283, Signify is entitled to a
18  permanent injunction against further infringement of the '328 Patent.

19      135.   On information and belief, Signify has suffered and continues to suffer
20  damages as a result of Defendant's infringement of the '328 Patent in an amount to
21  be determined at trial.

22      136.   On information and belief, Defendant's pre-suit knowledge of the '328
23  Patent and failure to substantively address Signify's numerous notifications of
24  infringement are sufficient to support a plausible inference that Defendant's
25  infringement was willful and egregious, warranting enhancement of damages under
26  35 U.S.C. § 284.

27
28

137.  On information and belief, and in light of the allegations above, including Defendant's willful infringement of the '328 Patent, this case is exceptional under 35 U.S.C. § 285, entitling Signify to costs and attorneys' fees incurred in prosecuting this action.

## COUNT SEVEN

## INFRINGEMENT OF U.S. PATENT NO. 7,358,706

138.  Signify incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

139.  On information and belief, Defendant has directly infringed and is directly infringing claims of the '706 Patent, including at least claim 1, in violation of 35 U.S.C. § 271(a) by manufacturing, using, offering to sell, selling, and/or importing infringing Liton-branded products with power factor correction and external dimming terminals (including at least LHABLDQ4, BL2R-31, WD1473, and LCALD6 products) and products with substantially similar features (collectively, the "'706 Accused Products").

140.  Signify names these exemplary infringing instrumentalities to serve as notice of Defendant's infringing acts, but Signify reserves the right to name additional infringing products, known to or learned by Signify or revealed during discovery, and include them in the definition of the '706 Accused Products. Defendant's LHABLDQ4 and LCALD6 products are representative examples of the '706 Accused Products and are shown below to demonstrate infringement of the '706 Patent.

141.  Claim 1 of the '706 Patent recites:

A power factor correction apparatus, comprising:

at least one first switch; and

at least one switch controller to control the at least one first switch based at least on a predetermined desired power to be

provided to a load coupled to the power factor correction apparatus,

wherein the at least one switch controller is configured to process:

a first signal representing an AC line voltage to which the power factor correction apparatus is coupled;

a second signal representing an actual AC current drawn by the power factor correction apparatus;

a third signal representing a DC voltage output by the power factor correction apparatus; and

a fourth signal representing the predetermined desired power to be provided to the load, so as to generate a first switch control signal to control the at least one first switch.

## **LHABLDQ4**

142. On information and belief, LHABLDQ4 products include an ERP ESS030W-0500-42 LED driver.



143. To the extent the preamble limits the claim, on information and belief, the LHABLDQ4 is "a power factor correction apparatus." For example, this limitation is shown below.

1
2
3
4
5
6
7
8
9
10
11
12



13      144.    On information and belief, the LHABLDQ4 comprises "at least one first
14  switch." For example, this limitation is shown below.

15
16
17
18
19
20
21
22
23
24
25



26
27
28

COMPLAINT FOR PATENT INFRINGEMENT

145.   On information and belief, the LHABLDQ4 comprises a "at least one switch controller to control the at least one first switch based at least on a predetermined desired power to be provided to a load coupled to the power factor correction apparatus." For example, this limitation is shown below. A copy of a data sheet for the MP44010 chip is attached hereto as <u>Exhibit 14</u>.



146.   On information and belief, the LHABLDQ4 comprises a "wherein the at least one switch controller is configured to process: a first signal representing an AC line voltage to which the power factor correction apparatus is coupled." For example, this limitation is shown below.

COMPLAINT FOR PATENT INFRINGEMENT

1
2
3
4
5
6
7
8



| Part Number | Package | Top Marking |
|---|---|---|
| MP44010HS* | SOIC-8 | MP44010 |

\* For Tape & Reel, add suffix –Z (e.g. MP44010HS–Z).
For RoHS compliant packaging, add suffix –LF (e.g. MP44010HS–LF–Z)

**PACKAGE REFERENCE**

9
10
11

**PIN FUNCTIONS**

| Pin # | Name | Description |
|---|---|---|
| 1 | FB | Feedback pin. The output voltage is fed into this pin through a resistor divider. |
| 2 | COMP | Output of the error amplifier. A compensation network is connected between this pin and FB pin. |
| 3 | MULT | Input of the multiplier. Connect this pin to the rectified main voltage via a resistor divider to provide the sinusoidal reference for the current control loop. |

12 *See* Exhibit 14.

13   147.   On information and belief, the LHABLDQ4 comprises a "wherein the at

14 least one switch controller is configured to process:" "a second signal representing an

15 actual AC current drawn by the power factor correction apparatus." For example, this

16 limitation is shown below.

17
18
19



| Part Number | Package | Top Marking |
|---|---|---|
| MP44010HS* | SOIC-8 | MP44010 |

\* For Tape & Reel, add suffix –Z (e.g. MP44010HS–Z).
For RoHS compliant packaging, add suffix –LF (e.g. MP44010HS–LF–Z)

**PACKAGE REFERENCE**

20
21
22
23

24
25
26
27

**PIN FUNCTIONS**

| Pin # | Name | Description |
|---|---|---|
| 1 | FB | Feedback pin. The output voltage is fed into this pin through a resistor divider. |
| 2 | COMP | Output of the error amplifier. A compensation network is connected between this pin and FB pin. |
| 3 | MULT | Input of the multiplier. Connect this pin to the rectified main voltage via a resistor divider to provide the sinusoidal reference for the current control loop. |
| 4 | CS | Current sense pin. The current through MOSFET is fed into this pin via a resistor. The resulting voltage on this pin is compared with the output of internal multiplier to get an internal sinusoidal-shaped reference, to determine MOSFET's turn-off. On-chip R/C filter can reduce high frequency noise on this pin. |

28

COMPLAINT FOR PATENT INFRINGEMENT

1   *See* <u>Exhibit 14</u>.

2      148.   On information and belief, the LHABLDQ4 comprises a "wherein the at

3   least one switch controller is configured to process:" "a third signal representing a DC

4   voltage output by the power factor correction apparatus." For example, this limitation

5   is shown below.



| Part Number | Package | Top Marking |
|---|---|---|
| MP44010HS* | SOIC-8 | MP44010 |

* For Tape & Reel, add suffix –Z (e.g. MP44010HS–Z).
For RoHS compliant packaging, add suffix –LF (e.g. MP44010HS–LF–Z)

**PACKAGE REFERENCE**

**TOP VIEW**

| | | |
|---|---|---|
| FB | 1 | 8 VIN |
| COMP | 2 | 7 GATE |
| MULT | 3 | 6 GND |
| CS | 4 | 5 ZCS |

**PIN FUNCTIONS**

| Pin # | Name | Description |
|---|---|---|
| 1 | FB | Feedback pin. The output voltage is fed into this pin through a resistor divider. |

16  *See* <u>Exhibit 14</u>.

17     149.   On information and belief, the LHABLDQ4 comprises a "wherein the at

18  least one switch controller is configured to process:" "a fourth signal representing the

19  predetermined desired power to be provided to the load, so as to generate a first switch

20  control signal to control the at least one first switch." For example, this limitation is

21  shown below.

22

23

24

25

26

27

28

COMPLAINT FOR PATENT INFRINGEMENT

1



2

3

4

5

6

7

8

9

10

11

12

13

14

15  *See* Exhibit 14.

16        150.   On information and belief, any products including an ERP ESS030W-

17  0500-42 LED driver would similarly infringe.

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LCALD6**

151.    On information and belief, LCALD6 products include an AC Electronics AC29CD700AT2Q LED Driver.



152.    To the extent the preamble limits the claim, on information and belief, the LCALD6 is "a power factor correction apparatus." For example, this limitation is shown below.

COMPLAINT FOR PATENT INFRINGEMENT

1
2
3
4
5
6
7
8
9
10
11
12



13    153.   On information and belief, the LCALD6 comprises "at least one first
14  switch." For example, this limitation is shown below.

15
16
17
18
19
20
21
22
23
24
25
26



27
28

COMPLAINT FOR PATENT INFRINGEMENT

154.   On information and belief, the LCALD6 comprises a "at least one switch controller to control the at least one first switch based at least on a predetermined desired power to be provided to a load coupled to the power factor correction apparatus." For example, this limitation is shown below. A copy of a data sheet for the SY22652A chip is attached hereto as Exhibit 15.



155.   On information and belief, the LCALD6 comprises a "wherein the at least one switch controller is configured to process: a first signal representing an AC line voltage to which the power factor correction apparatus is coupled." For example, this limitation is shown below.

COMPLAINT FOR PATENT INFRINGEMENT



*See* Exhibit 15.

156.  On information and belief, the LCALD6 comprises a "wherein the at least one switch controller is configured to process:" "a second signal representing an actual AC current drawn by the power factor correction apparatus." For example, this limitation is shown below.

*See* Exhibit 15.

157.   On information and belief, the LCALD6 comprises a "wherein the at least one switch controller is configured to process:" "a third signal [*e.g.*, VEE] representing a DC voltage output by the power factor correction apparatus." For example, this limitation is shown below.



158.   On information and belief, the LCALD6 comprises a "wherein the at least one switch controller is configured to process:" "a fourth signal representing the predetermined desired power to be provided to the load, so as to generate a first switch control signal to control the at least one first switch." For example, this limitation is shown below.

1
2
3
4
5
6
7
8
9
10
11
12



13 *See* Exhibit 15.

14     159.   On information and belief, any products including an AC Electronics

15 AC29CD700AT2Q LED driver would similarly infringe.

16     160.   The full extent of Defendant's infringement is not presently known to

17 Signify. On information and belief, Defendant has made and sold, or will make and

18 sell, products under different names or part numbers that infringe the '706 Patent in a

19 similar manner. Signify makes this preliminary identification of infringing products

20 and infringed claims without the benefit of discovery or claim construction in this

21 action, and expressly reserves the right to augment, supplement, and revise its

22 identifications based on additional information obtained through discovery or

23 otherwise. Signify will identify each claim of the '706 Patent that is infringed and

24 each product that Signify is aware of that infringes the '706 Patent in accordance with

25 the applicable scheduling order in this case.

26
27
28

COMPLAINT FOR PATENT INFRINGEMENT

1
2
3

161.   On information and belief, Defendant has been aware of and has had notice of the '706 Patent and its infringement of the '706 Patent since at least August 21, 2024, when it received a notice from Signify informing it of the same.

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

162.   On information and belief, by continuing to make, use, sell, offer to sell and/or import the '706 Accused Products on or after Defendant first had notice of Signify's allegations of infringement, Defendant indirectly infringed and continues to indirectly infringe at least claim 1 of the '706 Patent by active inducement under 35 U.S.C. § 271(b). Defendant has done so by acts including but not limited to (1) selling such products including features that—when used or resold—infringe, either literally or under the doctrine of equivalents, the '706 Patent; (2) marketing the infringing capabilities of such products; and (3) providing instructions, technical support, and other support and encouragement for the infringing use of such products. Defendant has engaged in such conduct despite its knowledge that such conduct would and was intended to result in direct infringement by Defendant's direct and indirect customers, including the making, using, selling, offering for sale and/or importation of the '706 Accused Products in the United States. Defendant has performed and continues to perform these affirmative acts with knowledge of the '706 Patent and with knowledge and intent that such actions would induce infringement of the '706 Patent by Defendant's direct and indirect customers.

20
21
22
23
24
25
26
27

163.   On information and belief, by continuing to make, use, sell, offer to sell an/or import the '706 Accused Products on or after Defendant first had notice of Signify's allegations of infringement, Defendant indirectly infringed and continues to indirectly infringe at least claim 1 of the '706 Patent by contributorily infringing under 35 U.S.C. § 271(c). Defendant's affirmative acts of manufacturing, selling, offering for sale, and/or importing the '706 Accused Products and components thereof, including the components identified above, in this District and elsewhere in the United States, contribute to Defendant's customers and end-users directly infringing the '706

28

COMPLAINT FOR PATENT INFRINGEMENT

Patent. The '706 Accused Products and components thereof, including the components identified above, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendant to be especially made or especially adapted for use in infringement of the '706 Patent.

164. On information and belief, Defendant's infringement of the '706 Patent is causing irreparable harm for which Signify has no adequate remedy at law unless Defendant is enjoined by this Court. Under 35 U.S.C. § 283, Signify is entitled to a permanent injunction against further infringement of the '706 Patent.

165. On information and belief, Signify has suffered and continues to suffer damages as a result of Defendant's infringement of the '706 Patent in an amount to be determined at trial.

166. On information and belief, Defendant's pre-suit knowledge of the '706 Patent and failure to substantively address Signify's numerous notifications of infringement are sufficient to support a plausible inference that Defendant's infringement was willful and egregious, warranting enhancement of damages under 35 U.S.C. § 284.

167. On information and belief, and in light of the allegations above, including Defendant's willful infringement of the '706 Patent, this case is exceptional under 35 U.S.C. § 285, entitling Signify to costs and attorneys' fees incurred in prosecuting this action.

COMPLAINT FOR PATENT INFRINGEMENT

## **PRAYER FOR RELIEF**

WHEREFORE, Signify prays for the following judgments and relief:

(a)    A judgment that Defendant has infringed and is infringing the Patents-in-Suit;

(b)    A permanent injunction against Defendant and its affiliates, subsidiaries, assignees, employees, agents or anyone acting in privity or concert from infringing the Patents-in-Suit, including enjoining the making, offering to sell, selling, using, or importing into the United States products claimed in any of the claims of the Patents-in-Suit; using or performing methods claimed in any of the claims of the Patents-in-Suit; inducing others to use and perform methods that infringe any claim of the Patents-in-Suit; or contributing to others using and performing methods that infringe any claim of the Patents-in-Suit, until the expiration of the Patents-in-Suit;

(c)    A judgment that Defendant's infringement of the Patents-in-Suit was willful and that Defendant's continued infringement of the Patents-in-Suit is willful;

(d)    An award of damages adequate to compensate Signify for Defendant's patent infringement, and an accounting to adequately compensate Signify for the infringement, including, but not limited to, lost profits and/or a reasonable royalty;

(e)    An award of pre-judgment and post-judgment interest at the maximum rate allowed by law;

(f)    An award of damages for willful infringement;

(g)    An order finding that this is an exceptional case and awarding Signify its costs, expenses, disbursements, and reasonable attorneys' fees related to Defendant's patent infringement under 35 U.S.C. § 285 and all other applicable statutes, rules and common law; and

(h)    Such other further relief, in law or equity, as this Court deems just and proper.

COMPLAINT FOR PATENT INFRINGEMENT

1

## **JURY TRIAL**

2      In accordance with Rule 38 of the Federal Rules of Civil Procedure, Signify

3  hereby demands a jury trial on all issues triable before a jury.

4

5  DATED: May 2, 2025                    Respectfully Submitted,

6                                        By: /s/ *Jeffrey F. Allen*

7                                        JEFFREY F. ALLEN (SBN 204042)
                                         BOND, SCHOENECK & KING PLLC

8

9                                        *COUNSEL FOR PLAINTIFFS*

10                                       *Signify Holding B.V.*
                                         *Signify North America Corporation*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PATENT INFRINGEMENT