# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SIGNIFY HOLDING B.V. and SIGNIFY NORTH AMERICA CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>EEMA INDUSTRIES INC., D/B/A LITON and D/B/A LITON LIGHTING, a MEMBER of EEMA LIGHTING GROUP,<br><br>Defendant. | Case No. 2:25-cv-03928-SB-MAR<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES HERETO THROUGH THEIR RESPECTIVE COUNSEL OF RECORD, THAT: Each of the parties to this action, Plaintiffs Signify Holding B.V. and Signify North America Corporation (jointly, "Signify") and Defendant EEMA Industries Inc., d/b/a Liton and d/b/a Liton Lighting, a Member of EEMA Lighting Group ("Liton"), asserts that the parties to this action possess information that one or more parties contends is confidential. The parties wish to ensure that such confidential information shall not be made public, and that its confidentiality is maintained. In addition, it is likely that the parties would seek information from nonparties that such nonparties would consider confidential.

Accordingly, the following procedure shall be adopted for the protection of the parties' and nonparties' confidential information:

## DEFINITIONS

1. CONFIDENTIAL INFORMATION means any document or thing, as defined by Rule 34 of the Federal Rules of Civil Procedure (hereinafter collectively referred to as "Documents"), and any other information considered in good faith by any party or nonparty producing such Documents or information to be confidential because it contains or constitutes a trade secret or other information considered by such producing party to be confidential, unless and until such time as such information is found not to be confidential pursuant to the provisions of this Stipulated Protective Order ("Order").

2. HIGHLY CONFIDENTIAL INFORMATION means any CONFIDENTIAL INFORMATION that the producing party believes in good faith constitutes proprietary financial or technical data or commercially sensitive competitive information, including, but not limited to, CONFIDENTIAL INFORMATION obtained from a nonparty pursuant to a current Nondisclosure Agreement (NDA), CONFIDENTIAL INFORMATION relating to future products not yet commercially released, strategic plans, marketing information, financial

STIPULATED PROTECTIVE ORDER

information, consumer account or transaction information, and any other information the disclosure of which is likely to cause harm to the competitive position of the producing party. HIGHLY CONFIDENTIAL INFORMATION shall be for attorney's eyes only, and distributed in accordance with Paragraph 10.

## DESIGNATION & MARKING OF INFORMATION

3. Each producing party may produce certain of its Documents for inspection by counsel of record to a party to this action, or may produce and deliver Documents without prior inspection, which may contain CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION as well as non-confidential information. To protect any and all CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION contained in Documents produced for inspection before being marked as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, the inspecting party shall assume that all Documents produced for inspection are HIGHLY CONFIDENTIAL INFORMATION of the producing party and shall treat all such Documents as HIGHLY CONFIDENTIAL INFORMATION until the producing party has had the opportunity to designate and mark them as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", as required by paragraph 4, or for 30 calendar days, whichever comes first. With respect to Documents produced and delivered by one party without inspection by an opposing party, the producing party shall mark CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION as required by paragraph 4 before delivering them.

4. For any Document or other information that the producing party deems to be CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, the producing party shall prominently mark each page of the Document or other information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" prior to delivering it to an opposing party. With respect to Documents or other information produced in electronic form, the producing party shall mark each page of each Document or other information "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL" as far as is practicable for the particular electronic format in which the Document or other information is produced. All copies of Documents or other information produced by any party, and any abstract, extract, excerpt, summary, memorandum, or other paper embodying information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION pursuant to this Order, shall be marked as required by this paragraph.

5. Whenever a deposition involves a disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, the following procedure shall be followed:

(a) At the request of the party whose CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION is disclosed, the reporter shall prominently mark "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the transcript containing CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION. Such request shall be made on the record whenever possible, but any party may designate portions of the transcript as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION after transcription, provided that written notice of the designation is provided to the opposing party within thirty (30) calendar days after receipt of the transcript of the deposition by the designating party.

(b) At the designating party's option, the reporter shall separate all portions of a deposition transcript designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION by the designating party during a deposition, and bind such portions separately from the non-confidential portions of the deposition transcript. The reporter shall prominently mark as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" the cover and each page of such separately bound portions of the deposition transcript.

(c) The dissemination of all separately bound deposition transcripts designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, and all portions of transcripts designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, shall be limited to persons identified in paragraphs 8, 9, and 10 hereof.

(d) As a condition for allowing any former employee of a producing party to provide CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION to the parties in this action, the party obtaining the information shall treat all information obtained from such former employee as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION unless and until: 1) the information has been or is obtained through other proper means such that it is not CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION; 2) the former employing party agrees that the information is not CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION; or 3) a court of competent jurisdiction decides that the information is not CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION.

(e) All deposition transcripts not previously designated shall be deemed to be, and shall be treated as HIGHLY CONFIDENTIAL INFORMATION for a period of seven (7) days after receipt of the official transcript of the deposition, and the transcript shall not be disclosed during such time by a non-designating party to persons other than those persons qualified to receive such information pursuant to this Protective Order. Any blanket designation of an entire transcript as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION on the record at the deposition shall lose that designation after thirty (30) days of receipt of the final transcript and errata (if any) unless, within such thirty (30) days, the party making the designation has confirmed in

writing the pages of the deposition that should be remain designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, as the case may be.

6. The Court's adoption of this Order does not allow a party to file at any time material marked CONFIDENTIAL or HIGHLY CONFIDENTIAL without separately filing a motion to seal such material.

7. The parties shall meet and confer in advance of the deadline for submission of the Joint Pretrial Order regarding a procedure for the use at trial of any document designated for protection under this Order. Any agreed-upon procedure by the parties shall be included in the Joint Pretrial Order. If the parties cannot reach agreement on a procedure, the parties shall set forth their respective proposals in the Joint Pretrial Order.

**ACCESS TO CONFIDENTIAL INFORMATION**

8. All Documents, deposition transcripts (or portions thereof), or other information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION by a producing party in this action shall be maintained according to this Order and used solely in connection with this action, unless otherwise agreed by the producing party, and all such confidentiality obligations herein shall survive the completion of the litigation. Nothing contained in this Order, however, will affect or restrict the rights of any party with respect to its own documents or information produced in this action. Nothing shall prevent the disclosure of any Documents, deposition transcripts (or portions thereof), or other information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION (1) by the party who designated the information CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, or (2) to any employee of such designating party, or (3) to any nonparty who authored such information, or (4) to any nonparty who had previous knowledge of the specific CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION. For purposes of this Order, "previous knowledge" shall mean

information which as to the recipient was, as a matter of written record (i) already known to the nonparty from sources that owed no obligation of confidentiality to the producing party, (ii) independently developed by the nonparty, (iii) obtained from the producing party without having been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION (subject to paragraphs 3 and 17 hereof), or (iv) received by the nonparty after disclosure in this action from a third party having the right to make such disclosure.

9. Access to CONFIDENTIAL INFORMATION shall be restricted to the following persons:

(a) Outside counsel of record for a party and employees and vendors of such counsel assigned by and necessary – in such counsel's reasonable judgment – to assist such counsel in the preparation and trial of this action;

(b) Court personnel, including stenographic reporters engaged in proceedings incidental to the preparation for trial and/or trial of this action, including court reporters and their transcribers, and videographers;

(c) Authors, addressees, and recipients of the specific CONFIDENTIAL INFORMATION, and persons with previous knowledge of the specific CONFIDENTIAL INFORMATION;

(d) Experts or consultants retained to assist the outside counsel of record, who are not now and have no current plans to become employees of a party, and who agree in writing to be bound by the terms of this Order. No such expert or consultant may be given access to CONFIDENTIAL INFORMATION until the conditions set forth in paragraph 11 are met;

(e) No more than three (3) internal company representatives for each party at any one time, provided that each such representative is involved in the prosecution or defense of this action and has the need to know such

information in the prosecution or defense of this action, and provided that each such representative is not involved in competitive decision-making (e.g., product design or pricing) of the company;

 (f) Any other person(s) designated by Order of the Court, after notice to all parties herein;

 (g) Any other person(s) designated jointly by the parties.

10. Access to HIGHLY CONFIDENTIAL INFORMATION shall be restricted to the following persons:

 (a) Outside counsel of record for a party and employees and vendors of such counsel assigned by and necessary – in such counsel's reasonable judgment – to assist such counsel in the preparation and trial of this action;

 (b) Court personnel, including stenographic reporters engaged in proceedings incidental to the preparation for trial and/or trial of this action, including court reporters and their transcribers, and videographers;

 (c) Authors, addressees, and recipients of the specific HIGHLY CONFIDENTIAL INFORMATION, and persons with previous knowledge of the specific HIGHLY CONFIDENTIAL INFORMATION;

 (d) Experts or consultants retained to assist the outside counsel of record, who are not now and have no current plans to become employees of a party, and who agree in writing to be bound by the terms of this Order. No such expert or consultant may be given access to HIGHLY CONFIDENTIAL INFORMATION until the conditions set forth in paragraph 11 are met;

 (e) No more than three (3) in-house counsel for each party at any one time, designated prior to gaining access to HIGHLY CONFIDENTIAL

INFORMATION, who (1) have the need to know such information in the prosecution or defense of this action in order to provide legal advice to the company concerning the prosecution or defense of this action, and (2) each such counsel does not prosecute patents or draft patent applications for the company, and further provided that each such counsel is not involved in competitive decision-making of the company, to be determined as follows. The party seeking in-house counsel access to HIGHLY CONFIDENTIAL INFORMATION shall provide to the other parties the individual's job title and a detailed description of his/her job responsibilities, including any facts relevant to determining the individual's potential involvement with competitive decision-making. The other parties shall have 5 business days to object to the designation of the in-house counsel under this paragraph on the basis of involvement with competitive decision-making. If such objection is made and the parties cannot resolve the dispute, the individual may not access HIGH CONFIDENTIAL INFORMATION absent order of the Court permitting such access. Either party may file a motion with the Court seeking a determination of whether the in-house counsel at issue participates in competitive decision making and thus should be restricted from accessing HIGHLY CONFIDENTIAL INFORMATION;

(f) Any other person(s) designated by Order of the Court, after notice to all parties herein;

(g) Any other person(s) designated jointly by the parties.

11. No CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION of an opposing party may be disclosed to any person under paragraphs 9(d)-(g) or 10(d)-(g) of this Order until each of the following preconditions is met:

(a) The person shall be provided with a copy of this Order;

(b) The person shall be advised that he/she is bound by this Order; and

(c) The person shall sign a document in the form of EXHIBIT A to this Order.

(d) For any expert or consultant (or a member of the staff for either of the foregoing) retained to assist outside counsel of record in this action, the party obtaining EXHIBIT A must serve it on all other parties at least five (5) business days before the first disclosure of documents designated for protection under this Order. The party proposing to make the disclosure must serve the producing party with a written identification of the expert or consultant and a copy of his or her *curriculum vitae*. If the producing party has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the party proposing to make the disclosure with a written objection within five (5) business days after service of the identification. Unless the parties resolve the dispute within five (5) business days after service of the objection, the producing party must move the Court promptly for a ruling and the documents designated for protection under this Order may not be disclosed to the expert or consultant without the Court's approval.

**CHALLENGES TO CONFIDENTIAL DESIGNATIONS**

12. The receipt by a party of information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION by a producing party shall not be construed as an agreement by the receiving party that such information is in fact confidential to the producing party, and shall not operate as a waiver of the receiving party's right to challenge any such designation.

13. In the event of any dispute with respect to the propriety or correctness of the designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, the parties shall attempt to resolve the dispute by negotiation. If

such negotiations fail, either party may move for an appropriate order. The information shall be treated as designated by the producing party until the dispute is resolved, either by an express written agreement between the parties or by order of the Court.

14. No party shall be obligated to challenge the propriety or correctness of the other party's designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, and a failure to do so shall not preclude a subsequent challenge to such designation. The burden of proof with respect to the propriety or correctness of the designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION shall rest upon the designating party, except that the burden of proving the exceptions set forth in paragraph 16 shall rest on the party asserting such exceptions.

15. Applications to the Court for an order relating to any documents designated for protection under this Order shall be made in accordance with the procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

## EXCEPTIONS TO CONFIDENTIALITY

16. Any Documents, depositions transcripts (or portions thereof), or other information bearing a CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION designation may be declared non-confidential (and therefore not subject to this Order) by the Court, upon motion of a party, to the extent that the moving party proves to the Court's satisfaction that such Documents, deposition transcripts (or portions thereof), or other information contain:

(a) information which at the time of disclosure was available to the public;

(b) information which after disclosure to the receiving party in this action becomes available to the public through no act or failure to act by or on

behalf of the receiving party, including the persons identified in paragraphs 9-10;

(c) information which as to the receiving party (including the persons identified in paragraphs 9-10 hereof) was as a matter of written record (i) already known to the receiving party from sources that owed no obligation of confidentiality to the producing party, (ii) independently developed by the receiving party, (iii) obtained from the producing party without having been designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (subject to paragraphs 3 and 17 hereof), or (iv) received after disclosure in this action from a third party having the right to make such disclosure; or

(d) information that is not a trade secret, or otherwise confidential, under governing law.

## SUBSEQUENT DESIGNATION

17. If a producing party produces any Document or other information, or provides any deposition testimony, containing information that it deems CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION without marking such information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the producing or providing party shall promptly upon discovery of such disclosure inform the receiving party in writing. Upon receiving such notice, the receiving party shall treat the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION until the parties either agree that such information need not be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, or until the Court rules that such information is not CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION. To the extent that such Document, deposition transcript (or portions thereof), or other information were disclosed to persons other than persons described in paragraphs 9-10 hereof, the receiving party shall make

reasonable efforts to retrieve the information promptly from such persons and to avoid any further disclosure to such persons.

### **INADVERTENT PRODUCTION OR DISCLOSURE**

18. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege, attorney work product protection, or other privilege or immunity ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture, in whole or in party, of any claim of privilege, work product protection or other immunity with respect to the Inadvertently Disclosed Information and its subject matter.

19. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

20. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

21. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

22. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

23. Inadvertent production or disclosure of any document or information, including any document or information without a designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION shall be governed by Fed. R. Evid. 502.

24. Each person receiving material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall exercise due and proper care in connection with the storage, custody, use and dissemination of such information to avoid any intentional or inadvertent disclosure to persons to whom disclosure is not permitted under this Order. In the event of disclosure of material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL to any person not authorized to such access under this Order, the receiving party responsive for having made such disclosure, and each party with knowledge thereof, shall immediately inform counsel for the producing party whose material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The receiving party responsible for improperly disclosing such material shall also promptly take all reasonable measures to retrieve the improperly disclosed material and to ensure that no further or greater unauthorized disclosure or use thereof is made.

## **POST-LITIGATION OBLIGATIONS**

25. Within thirty (30) calendar days after the completion of the litigation and all appeals, the receiving party shall return or destroy all Documents, deposition transcripts (or portions thereof), and other information received from a producing party and marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," and all copies, abstracts, extracts, excerpts, and summaries thereof, except that counsel for each party may retain (a) one copy of all such Documents not marked HIGHLY CONFIDENTIAL, deposition transcripts (or portions thereof), and other information, and (b) all such Documents not marked HIGHLY CONFIDENTIAL, deposition transcripts (or portions thereof), and other information incorporated into counsel's working files.

26. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

27. After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy

documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

## OTHER

28. Nothing in this Order shall preclude any party from seeking and obtaining, by motion to the Court, additional protection with respect to the confidentiality or non-confidentiality of Documents, deposition transcripts (or portions thereof), or other information, or relief from this Order with respect to particular Documents, deposition transcripts (or portions thereof), or other information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION hereunder.

29. Nothing in this Order, and no CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION designation, shall prevent counsel from advising their respective clients in any way relating to this action, provided that counsel does not disclose to its client any information designated by the producing party as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION.

30. Third parties producing documents or providing testimony in the course of this action also may designate material or documents as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, subject to the same protections and constraints as the parties to this action. A copy of this Order shall be served along with any subpoena served in connection with this action. A third party's use of this Order, however, does not entitle that third party to access any material or documents produced by any party in this case.

31. This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under the Local Rules and the presiding judge's standing orders or other relevant orders.

32. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be

construed or presented as a judicial determination that any documents designated for protection under this Order are entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

33. This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

34. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

NOW THEREFORE, the parties hereby stipulate, agree, and request that this Court enter an order requiring that the procedures set forth above shall be adopted for the protection of the parties' respective CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION.

| | |
|---|---|
| Dated: July 24, 2025 | BOND, SCHOENECK & KING PLLC |
| | By: */s/ Jeremy P. Oczek* |
| | Jeremy P. Oczek |
| | |
| | JEREMY P. OCZEK (*Pro Hac Vice*) |
| | BOND, SCHOENECK & KING PLLC |
| | jpoczek@bsk.com |
| | 200 Delaware Avenue, Suite 900 |
| | Buffalo, New York 14202 |
| | Telephone: (716) 416-7037 |
| | Facsimile: (716) 416-7001 |
| | |
| | JEFFREY F. ALLEN (SBN 204042) |
| | BOND, SCHOENECK & KING PLLC |
| | jeffreyallen@bsk.com |
| | 350 Linden Oaks, Third Floor |
| | Rochester, New York 14625-2825 |
| | Telephone: (585) 362-4709 |
| | Facsimile: (585) 362-4701 |
| | |
| | JONATHAN L. GRAY (*Pro Hac Vice*) |
| | BOND, SCHOENECK & KING PLLC |
| | jlgray@bsk.com |
| | One Lincoln Center |
| | Syracuse, New York 13202 |
| | Telephone: (315) 218-8621 |
| | Facsimile: (315) 218-8100 |
| | |
| | BRYAN SULLIVAN (SBN 209743) |
| | EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP |
| | bsullivan@earlysullivan.com |
| | 6420 Wilshire Boulevard, 17th Floor |
| | Los Angeles, CA 90048 |
| | Telephone: (323) 301-4660 |
| | Facsimile: (323) 301-4676 |
| | |
| | Counsel for Plaintiffs |
| | SIGNIFY HOLDING B.V. AND SIGNIFY NORTH AMERICA CORPORATION |

Dated: July 24, 2025

VEDDER PRICE P.C.

By: */s/ Daniel H. Shulman*
Daniel H. Shulman

VEDDER PRICE (CA), LLP
Marie E. Christiansen, Bar No. 325352
mchristiansen@vedderprice.com
1925 Century Park East, Suite 1900
Los Angeles, California 90067
T: +1 424 204 7700
F: +1 424 204 7702

VEDDER PRICE P.C.
Daniel H. Shulman (*Pro Hac Vice*)
dshulman@vedderprice.com
Robert S. Rigg (*Pro Hac Vice*)
rrigg@vedderprice.com
222 N. LaSalle Street
Chicago, Illinois 60601
T: +1 312-609-7500
F: +1 312-609-5005

Counsel for Defendant
EEMA INDUSTRIES INC.,
D/B/A LITON AND D/B/A LITON LIGHTING, A MEMBER OF EEMA LIGHTING GROUP

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SIGNIFY HOLDING B.V. and SIGNIFY NORTH AMERICA CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>EEMA INDUSTRIES INC., D/B/A LITON and D/B/A LITON LIGHTING, a MEMBER of EEMA LIGHTING GROUP,<br><br>Defendant. | Case No. 2:25-cv-03928-SB-MAR |

## AGREEMENT TO ABIDE BY STIPULATED PROTECTIVE ORDER

STATE OF _____

COUNTY OF _____

I, _____, declare that:

1. My address is _____
2. My present employer is _____
3. My present occupation or job description is _____
4. I am a citizen of _____
5. I have been provided a copy of the Stipulated Protective Order regarding CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION in this case signed by counsel for the litigants and/or by the United States District Court for the Central District of California.
6. I have carefully read and understand the provisions of the Protective Order.
7. I will comply with all of the provisions of the Protective Order.

8. I will hold in confidence and not disclose to anyone not authorized under the Protective Order any documents or other materials containing CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION, as well as any abstracts, extracts, excerpts, and summaries thereof containing CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION, prepared by or disclosed to me.

9. Upon request, I will return to counsel for the party from which I receive, or by whom I am designated, employed, or retained, all documents or other materials in my possession containing CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION, as well as all abstracts, extracts, excerpts, and summaries thereof, and copies thereof.

10. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this case, as to which this undertaking is an integral part.

11. I certify under penalty of perjury that the foregoing is true and correct.

Executed on _____

Signature _____